MEMORANDUM **
Nai Wei Jiang, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we review de novo questions of law, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.
Substantial evidence supports the IJ’s adverse credibility determination because Jiang’s failure to mention in his asylum application that the police attempted to arrest him after he did not report back to them is a material omission that goes to the heart of his asylum claim, and his explanation for this omission was internally inconsistent. See Li, 378 F.3d at 962-63.
Because Jiang failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Further, as Jiang’s claim for CAT relief is based on the same evidence the IJ deemed not credible, and he points to no additional evidence that the IJ should have considered regarding the likelihood of torture if he is removed to China, his CAT claim also fails. See id. at 1157.
We reject Jiang’s claim that the BIA violated his due process rights by failing to conduct an independent review of Jiang’s request for relief under CAT. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).
Finally, we lack jurisdiction to consider Jiang’s claim that the IJ violated his due process rights by not giving separate consideration of his CAT claim, because he did *118 not exhaust this claim before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9lh Cir. R. 36-3.